**CV04-1260-S**

| | |
|---|---|
| GROSJEAN CONTRACTORS, INC. | NUMBER: |
| | |
| VERSUS | FIRST JUDICIAL DISTRICT COURT |
| | |
| FLEETCOR TECHNOLOGIES, INC. | |
| D/B/A FUELMAN OF NORTH | |
| LOUISIANA AND EAST TEXAS, ET AL | CADDO PARISH, LOUISIANA |

### ORIGINAL PETITION

The Original Petition of GROSJEAN CONTRACTORS, INC., a Louisiana corporation, with its principal place of business in Bossier City, Bossier Parish, Louisiana, respectfully represents:

1.

Made defendants herein are:

(A)  FLEETCOR TECHNOLOGIES, INC. D/B/A FUELMAN OF NORTH LOUISIANA AND EAST TEXAS, a Delaware corporation, with Steven Pisciotta, 109 Northpark Blvd., Suite 500, Covington, Louisiana 70433, as its agent for service of process (hereinafter referred to as "Fuelman");

(B)  MAHMOUD RASOOL, a resident of Shreveport, Caddo Parish, Louisiana;

(C)  ADEL NAGI-SALEH HEZAM, a resident of Shreveport, Caddo Parish, Louisiana;

(D)  HOUSSAM NEHME, a resident of Shreveport, Caddo Parish, Louisiana;

(E)  IMAD MOUKADDEM, a resident of Shreveport, Caddo Parish, Louisiana; and

(F)  AMER RAMZI ELCHENIMI, a resident of Shreveport, Caddo Parish, Louisiana.

3.

Plaintiff asserts claims against the defendants based on La. R.S. 15:1351, et seq., and La. C.C. art. 2315. As such plaintiff solely relies on Louisiana law and does not assert any claim that arises under federal law.

### THE ENTERPRISE

4.

Defendants are a group of individuals associated in fact for the purpose, among other things, of marketing fuel and are therefore an association-in-fact enterprise.

DEPUTY CLERK OF COURT

5.

Additionally, defendants are associated with Otto's Service Stations for the purpose of marketing fuel as well as food and other convenience store items.

6.

In the alternative, the Enterprise is the association of defendants in the operation of the Otto's Service Stations.

## BACKGROUND

7.

In September of 1999, plaintiff entered into a contract with Fuelman. The purpose of the September 1999 contract was to allow plaintiff to purchase fuel from Fuelman through the use of Fuelman access cards issued by Fuelman.

8.

As represented by Fuelman, fuel and only fuel could be purchased through the use of a Fuelman card and then only at gas stations that had contracted with Fuelman to operate Fuelman control terminals.

9.

Before entering into the contract, plaintiff was assured that only fuel could be purchased through the use of the Fuelman card and then only by a person who not only had a Fuelman card but also had a personal identification number (PIN). In fact, plaintiff had been assured that the system required that the Fuelman card remain with a particular vehicle so that only fuel used in that vehicle could be charged only through use of the Fuelman card and only by the operator of that vehicle.

10.

Beginning in the fall of 1999, plaintiff scrupulously checked all reports from Fuelman and became satisfied that the system did in fact work as promised.

2

11.

However, in July 2002, and in particular during the July 4th holiday in 2002, plaintiff discovered that the defendants had, beginning in December of 2000, charged plaintiff for fuel which had not in fact been delivered to plaintiff.

12.

Upon information and belief, defendant, Fuelman, has entered into contracts with each of the remaining defendants by virtue of which each of the remaining defendants became the agent of Fuelman, selling fuel on behalf of Fuelman and operating Fuelman's control terminals.

## PREDICATE ACTS

13.

Unfortunately, the system did not operate as promised because, as a result of its audit in July of 2002, plaintiff discovered that Fuelman had made charges to plaintiff for fuel which was never purchased by plaintiff, never authorized by plaintiff, and never pumped into any of plaintiff's vehicles.

14.

Subsequently, plaintiff learned that this charging for fuel, which was never delivered, was accomplished by the defendants even though the defendants did not have access to plaintiff's Fuelman cards.

15.

Plaintiff subsequently learned that the defendants had somehow obtained card numbers and PIN numbers and were able to manually enter card numbers and PIN numbers to reflect the purchase of fuel that was not in fact delivered.

16.

Attached hereto as Exhibit "A" is a spreadsheet showing 1,573 specific instances in which plaintiff was charged for fuel which was never authorized by, delivered to, or purchased by plaintiff.

3

17.

The spreadsheet shows the date of the charge, time of the charge, Fuelman site number, the location of the charge, and the amount of the charge.

18.

On information and belief, each of the owners and operators of the fueling locations listed on Exhibit "A" engaged in the practice of sharing card and PIN numbers belonging to plaintiff and illegally charging plaintiff for fuel which was never actually delivered.

19.

At all times pertinent hereto, Amer Ramzi Elchenimi was the lessor and/or owner and operator of Otto's #10 located at 3101 North Market Street in Shreveport, Louisiana.

20.

At all times pertinent hereto, Houssam Nehme was the lessor and/or owner and operator of Otto's #8 located at 4040 Shreveport-Blanchard Highway in Shreveport, Louisiana.

21.

At all times pertinent hereto, Adel Nagi-Saleh Hezam was the lessor and/or owner and operator of Otto's #6 located at 4000 Jewella Avenue in Shreveport, Louisiana.

22.

At all times pertinent hereto, Mohamad Rasool was the lessor and/or owner and operator of Otto's #1 located at 3655 Hollywood in Shreveport, Louisiana.

23.

On information and belief, the defendants other than Fuelman illegally obtained card numbers and PIN numbers and exchanged card numbers and PIN numbers and made illegal charges to plaintiff's Fuelman account.

24.

On information and belief, Fuelman knew or should have known of the actions of the remaining defendants and, in any event, is liable to plaintiff for the actions of its agents.

4

25.

In the alternative, if Fuelman is not liable under the provisions of La. R.S. 15:1351, et seq., it is nonetheless liable under the provisions of La. C.C. art. 2315 and additionally for breaches of the representations it made to plaintiff and for breaches of the contractual obligations it owed plaintiff.

26.

As is shown above, all defendants are associated in fact with the Enterprise, and all defendants have conducted or participated directly or indirectly in the conduct of the Enterprise through the pattern of racketeering activity described above, and thus, all defendants have violated La. R.S. 15:1353C.

27.

Additionally, all defendants have conspired among themselves to further the pattern of racketeering activity described above and by knowingly and willingly participating directly or indirectly in the conspiracy in violation of La. R.S. 15:1353D.

28.

As a result of the violation of La. R.S. 15:1353C and D, plaintiff has been financially injured in the aggregate amounts shown on Exhibit "B" through the pattern of racketeering activity describe above and are therefore entitled under the provisions of La. R.S. 15:1356E to recover three (3) times its actual damage plus all attorney's fees in the trial and appellate courts and all costs of investigation and litigation expenses reasonably incurred.

29.

In the alternative, defendant, Fuelman, is liable for its negligence, misrepresentations, and breach of contract.

WHEREFORE, PLAINTIFF, GROSJEAN CONTRACTORS, INC., PRAYS:

I.    That after due proceedings had, that there be judgment herein against FLEETCOR TECHNOLOGIES, INC. D/B/A FUELMAN OF NORTH LOUISIANA AND EAST TEXAS, MAHMOUD RASOOL, ADEL NAGI-SALEH HEZAM, HOUSSAM NEHME, IMAD MOUKADDEM, and AMER RAMZI ELCHENIMI, in solido, for three (3) times plaintiff's actual damages, attorney's fees in the trial and appellate courts, the reasonable costs

of investigation and litigation expenses, pre-judgment and post-judgment interest, and all costs of court; and

II.    For such other relief as this Court may deem just and proper.

Respectfully submitted,

PETERS, WARD, BRIGHT & HENNESSY
400 TEXAS STREET, SUITE 1000
POST OFFICE BOX 91
SHREVEPORT, LOUISIANA 71161
(318) 221-8000 / 221-4300 Facsimile

BY: _____
J. PATRICK HENNESSY (#6791)

Attorneys for Petitioner    2793

**PLEASE SERVE:**

FLEETCOR TECHNOLOGIES, INC.
D/B/A FUELMAN OF NORTH
LOUISIANA AND EAST TEXAS,
through its agent for service of process,
Mr. Steven Pisciotta
109 Northpark Blvd., Suite 500
Covington, Louisiana 70433

MAHMOUD RASOOL
at his place of business at:
3655 Hollywood
Shreveport, Louisiana 71108

ADEL NAGI-SALEH HEZAM
at his place of business at:
4000 Jewella Avenue
Shreveport, Louisiana 71109

HOUSSAM NEHME
at his place of business at:
4040 Shreveport-Blanchard
Shreveport, Louisiana 71107

IMAD MOUKADDEM
at his place of business at:
8601 Linwood Avenue
Shreveport, Louisiana 71106

AMER RAMZI ELCHENIMI
at his place of business at:
3101 North Market Street
Shreveport, Louisiana 71101

6